# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| NICOLE FRAZIER, | ) |
| Petitioner, | ) |
| | ) |
| | ) CV419-019 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

FILED
Scott L. Poff, Clerk
United States District Court

By EKerr at 4:02 pm, Jan 29, 2019

## **REPORT AND RECOMMENDATION**

Pretrial detainee Nicole Frazier filed a 28 U.S.C. § 2241 habeas petition listing various defects in her ongoing state criminal proceedings that she believes rise to a constitutional magnitude. Doc. 1 at 2-3, 8-10. She seeks to "irradicate/dismiss and expunge this case," *id*. at 12, prior to the State's judgment being entered (as either a conviction or a dismissal of charges). In other words, she asks the Court to intervene in state criminal proceedings. *See State v. Frazier*, SP-CR17-2336 (Chatham County Super. Ct.) (ongoing prosecution for armed robbery, aggravated assault, and possession of a firearm during commission of a felony, with

(second) jury trial set for March 4, 2019).[1]  This it cannot, and will not, do.

Federal habeas petitions, after all, require that state remedies be exhausted.  *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.").  Meaning, federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Nothing in Frazier's petition suggests she has been prevented from asserting her current claims in her state court proceeding, or that she will be prevented from raising post-judgment claims in Georgia's habeas courts *if* her criminal proceedings crystalize into a conviction.  Therefore, her petition should be **DISMISSED** without prejudice so that she may exhaust her available

---

[1]  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (courts may take judicial notice of another court's record to establish existence of ongoing litigation and related filings).

2

state remedies.

Moreover, Frazier has not come close to showing "extraordinary circumstances" warranting this Court's intrusion into the State's prosecution. *See Younger v. Harris*, 401 U.S. 37 (1971). A federal court may not enjoin a state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (*citing Younger*, 401 U.S. at 46–54). Frazier complains of due process violations, but alleges facts showing only that the state court is going to great lengths to address her complaints. *See* doc. 1 at 2-3 (contending that the State's provision of counsel, review of Frazier's motions challenging the sufficiency of the evidence against her, and evaluation of her mental health are all delay tactics and due process violations). Merely stating that alleged constitutional and other procedural defects exist does not carry the day.[2]

---

[2] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (the bad faith or harassment exception to Younger "may

3

Rather, her complaint shows that there is an adequate state forum where any constitutional issues can be raised. The Court should therefore abstain from reaching the merits of Frazier's habeas petition.

In sum, Frazier's petition should be **DISMISSED without prejudice** on both exhaustion and abstention grounds. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this ___29th___ day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA